UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEVIN R. PETRO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:23-cv-00132-JPH-MJD |
| | ) |
| MATTHEW MYERS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT AND
DIRECTING FURTHER PROCEEDINGS**

Kevin Petro, an inmate at Putnamville Correctional Facility, brought this civil action based on injuries he sustained during a car accident while being transported to court by a Bartholomew County sheriff's deputy. Because Mr. Petro is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

1

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint names five defendants: (1) Bartholomew County Sheriff Matthew Myers; (2) Bartholomew County Jail Commander John Martoccia; (3) Captain Tyler Stillablower; (4) Deputy Forney; and (5) Nurse Miranda Webster.

Mr. Petro alleges that Deputy Forney transported him to court on November 1, 2022. Dkt. 2 at 2. Mr. Petro was handcuffed and his legs were in shackles. *Id.* Deputy Fortney did not secure him with a seatbelt. *Id.* Deputy Fortney drove erratically and recklessly. *Id.* at 3. Twice he "locked up" the brakes on the transport van. *Id.* The second time, Mr. Petro lurched forward and slammed his head into a metal partition. *Id.* Mr. Petro sustained a deep cut on his forehead and was taken to the emergency room. *Id.*

When Mr. Petro returned to Putnamville on November 3, he put in a healthcare request form. *Id.* at 4. Nurse Webster treated him on November 4 and provided a five-day supply of Tylenol. *Id.* Mr. Petro saw Nurse Webster again on November 9 and November 11. *Id.* He reported headaches and vomiting, but she provided no additional medication. *Id.* On November 15, 2022, Dr. Perez ordered x-rays and a new prescription for Tylenol. *Id.* The x-rays showed no new

2

fractures. *Id.* At some point Nurse Webster told Mr. Petro that he had sustained a mild concussion. *Id.*

Mr. Petro alleges that Sheriff Myers has a policy or practice of inadequately staffing the Bartholomew County Jail and providing inadequate training for transporting prisoners.

Mr. Petro seeks injunctive relief and compensatory and punitive damages.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

All claims against Jail Commander Martoccia and Captain Stillablower are **DISMISSED** for failure to state a claim upon which relief may be granted. Mr. Petro does not allege that these defendants were in any way involved in his transport or medical care. *See Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018) ("Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly.").

The following Eighth Amendment claims **SHALL PROCEED**:

- A claim against Deputy Forney for deliberate indifference to Mr. Petro's safety. *See Dale v. Agresta*, 771 Fed. Appx. 659, 661 (7th Cir. 2019) (holding that lack of seat belt alone does not demonstrate deliberate indifference, but suggesting that "reckless driving or other exacerbating circumstances" might)

- A claim against Nurse Webster for deliberate indifference to a serious medical need.

- A claim against Sheriff Myers for failure to train.

3

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **until July 11, 2023** to identify those claims.

The **clerk is directed** to terminate John Martoccia and Tyler Stillablower as defendants on the docket.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Deputy Forney, Nurse Miranda Webster, and Sheriff Matthew Myers in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Miranda Webster is identified as an employee of Centurion Health of Indiana, LLC. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed ex parte.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 6/20/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

Distribution:

KEVIN R. PETRO
146976
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Nurse Miranda Webster
Putnamville Correctional Facility
1946 West U.S. Highway 40
Greencastle, IN 46135

Sheriff Matthew Myers
543 Second Street
Columbus, IN 47201

Deputy Fortney
Bartholomew County Jail
543 Second Street
Columbus, IN 47201