UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEVIN R. PETRO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23-cv-00132-JPH-MJD |
| ) | |
| MATTHEW MYERS, et al., ) | |
| ) | |
| Defendants. ) | |

## ENTRY GRANTING NURSE WEBSTER'S
## UNOPPOSED MOTION FOR SUMMARY JUDGMENT

Plaintiff Kevin Petro alleges that his constitutional rights were violated by employees of the Bartholomew County Sheriff's Department when he was injured while being transported to a court hearing. He further alleges that when he returned to Putnamville Correctional Facility, employees and medical personnel were deliberately indifferent to his injuries.

Defendant Nurse Webster moves for summary judgment, arguing that Plaintiff failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit. For the reasons explained below, Nurse Webster's motion for summary judgment, dkt. [36], is **GRANTED** and the claims against her are **DISMISSED WITHOUT PREJUDICE**.

## I.
## Summary judgment standard

Parties in a civil dispute may move for summary judgment, which is a way to resolve a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary

1

judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Schs.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 572 (7th Cir. 2017).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Indeed, "[t]he court has no duty to search or consider any part of the record not specifically cited" in

accordance with the local rules. S.D. Ind. L.R. 56-1(h); *see* S.D. Ind. L.R. 56-1(e) ("A party must support each fact the party asserts in a brief with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence. . . . The citation must refer to a page or paragraph number or otherwise similarly specify where the relevant information can be found in the supporting evidence.").

Here, Mr. Petro did not respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. *See* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a nonmovant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.
## Factual background

At all times relevant to the claims in this suit, Plaintiff was incarcerated at Putnamville, a prison maintained by the Indiana Department of Correction ("IDOC"). Dkt. 37-1 at 4.

### A. Offender grievance process

The IDOC has a standardized offender grievance process which was in place when Plaintiff alleges his rights were violated. *Id.* at 1–2, 6–20.

IDOC Policy and Administrative Procedure 00-02-301, Offender Grievance Process ("Offender Grievance Process") is the IDOC policy governing

3

the grievance procedure and details how a prisoner must exhaust his administrative remedies using that procedure. *Id.* at 1–2, 6, 8. During the relevant period, the grievance process consisted of three steps: (1) submitting a formal grievance following unsuccessful attempts at informal resolutions; (2) submitting a written appeal to the facility Warden/designee; and (3) submitting a written appeal to the IDOC Grievance Manager. *Id.* at 1–2, 8. Successful exhaustion of the grievance process requires timely pursuing each step or level of the process. *Id.*

### B. Plaintiff's participation in the grievance process

As it relates to the claims in this lawsuit, Plaintiff submitted a grievance on January 24, 2023, alleging that Ms. Webster failed to take his head injury seriously, and that she lied on his medical records related to his November 4, 2022, visit. *Id.* at 23. The grievance was rejected as untimely because it was submitted more than ten (10) business days after the November 4, 2022, incident. *Id.* at 4–5, 22. Plaintiff failed to submit a timely formal grievance and appeal regarding his allegations in the complaint. *Id.* at 4–5.

### III.
### Discussion

The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and

4

whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

"To exhaust available remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (per curiam) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

"Because exhaustion is an affirmative defense," Defendant Webster has the burden of establishing that "an administrative remedy was available and that [Mr. Petro] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake*, 578 U.S. 632, 642 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* (internal quotation omitted).

The Seventh Circuit "has taken a strict approach to exhaustion." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). "An inmate must comply with the administrative grievance process that the State establishes . . . ." *Id.*; *see also Ross*, 578 U.S. at 639 (the mandatory language of the PLRA "means a court may not excuse a failure to exhaust").

5

Here, Defendant Webster has met her burden of proving that Plaintiff "had available [administrative] remedies that he did not utilize." *Dale*, 376 F.3d at 656. Plaintiff did not respond to the motion or otherwise identify a genuine issue of material fact supported by admissible evidence that counters the facts established by Defendant Webster. The undisputed record therefore reflects that Plaintiff was aware of the grievance process and that he failed to complete it with respect to his claim against Defendant Webster. Dkt. 37-1 at 4–5, 12–13.

In short, Plaintiff did not complete the available administrative process as required before filing this lawsuit. *Reid*, 962 F.3d at 329. The consequence of his failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that his claims against Defendant Webster must be dismissed without prejudice. *Id.*; *see also Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice").

## IV.
## Conclusion

For the above reasons, Defendant Webster's unopposed motion for summary judgment, dkt. [36], is **GRANTED**. **The clerk is directed to terminate** Nurse Webster as a defendant on the docket. No partial final judgment shall issue.

**SO ORDERED.**

Date: 11/4/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

6

Distribution:

KEVIN R. PETRO
146976
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel